GREEN, APPELLEE, *v.* CREDIT LIFE INS. CO., APPELLANT.

[Cite as Green v. Credit Life Ins. Co., 8 Ohio App. 2d 163.]

(No. 4641—Decided November 1, 1966.)

*Messrs. Davidson & Smith*, for appellee.
*Mr. Paul J. Fleming*, for appellant.

LYNCH, J. Plaintiff, appellee herein, filed his petition in the Youngstown Municipal Court against defendant, appellant herein, for breach of contract of insurance. A credit group accident and health policy of insurance was issued by defendant to the Ohio Loan and Discount Company. Plaintiff obtained a loan from Ohio Loan and Discount Company and was issued a certificate of insurance effective February 10, 1960, as a member of the debtor group.

Plaintiff in his petition alleges total disability, but in response to interrogatories attached to defendant's amended answer he admitted that his total disability was due to a chronic heart disease having its inception in 1950, or ten years prior to the effective date of his insurance.

By the terms of the policy "total disability benefits" were payable for "sickness" as defined in the policy as follows:

" 'Sickness' wherever used in this policy means sickness or disease contracted or commencing after this policy has been in force as to the disabled debtor and resulting in a loss covered hereunder."

Plaintiff contends that chronic heart disease was not named

in the policy as a specific exclusion pursuant to Section 3923.04 (B) (2) of the Revised Code, and that, therefore, he is entitled to judgment.

Section 3923.04 (B) (2) of the Revised Code provides as follows:

"No claim for loss incurred or disability (as defined in this policy) commencing after two years from the date of issue of this policy shall be reduced or denied on the ground that a disease or physical condition not excluded from coverage by name or specific description effective on the date of loss had existed prior to the effective date of coverage of this policy.

"No chronic disease or chronic physical condition may be excluded from the coverage of a policy of sickness insurance or from the sickness insurance coverage of a policy of sickness and accident insurance except by name or specific description."

Defendant filed a motion for summary judgment, which was sustained by the Youngstown Municipal Court. From this judgment, plaintiff appealed to the Common Pleas Court which reversed the Municipal Court of Youngstown. The case is here on appeal by defendant on questions of law from the judgment of reversal entered by the Common Pleas Court.

The issue in this case is whether the "standard provisions" set forth in Section 3923.04 of the Revised Code apply to a credit accident and health insurance policy which is authorized under Section 3918.01 et seq., Revised Code.

Prior to January 1, 1960, there was no provision under Ohio law for the issuance of credit group accident and health insurance policies. Effective on that date, Sections 3918.01 to 3918.99 of the Revised Code became law. This chapter of the Revised Code authorizes and sets forth provisions for the issuance of group accident and health policies to creditors on a term plan to insure debtors. There is no reference in any statute contained in Chapter 3918 of the Revised Code to Section 3923.04 of the Revised Code.

Chapter 3923 of the Revised Code was enacted prior to Chapter 3918 of the Revised Code, and Section 3923.04 of the Revised Code was in full force and effect when Chapter 3918 of the Revised Code was enacted. We can find no statutory provision that specifically exempts a credit group accident and health insurance policy issued under authority of Chapter 3918

of the Revised Code from the "standard provisions" of Section 3923.04 of the Revised Code.

Defendant points out that Section 3918.07 of the Revised Code requires credit accident and health insurance policies to be filed with the Superintendent of Insurance for approval. However, 3923.02, Revised Code, requires the same thing for any group sickness and accident insurance policy.

Section 3923.20 of the Revised Code exempts those forms of sickness and accident policies enumerated in Sections 3923.12 and 3923.13 of the Revised Code from certain provisions of Section 3923.04 of the Revised Code, including the provision at issue in this case.

Defendant contends that Section 3923.12 (A) (3) would include a credit group accident and health insurance policy. We are inclined to feel that a credit group accident and health insurance policy would come more under Section 3923.13 (E) of the Revised Code than under Section 3923.12 (A) (3).

However, defendant admits in its brief that, prior to the enactment of Chapter 3918 of the Revised Code, there was no provision under Ohio law for the issuance of credit group accident and health insurance policies. The Common Pleas Court Judge, in his opinion, stated that prior to January 1, 1960, no group credit accident and health insurance policies were issued in Ohio. For this reason, we hold that credit group accident and health insurance policies do not come within the provisions of Sections 3923.12 (A) (3) or 3923.13 (E) of the Revised Code.

We, therefore, hold that a credit group accident and health insurance policy issued under authority of Chapter 3918 of the Revised Code must comply with the provisions of Section 3923.-04 of the Revised Code.

*Judgment affirmed.*

Johnson, P. J., and Jones, J., concur.